Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | ~~02 C 7611~~ (03 C 3245) | DATE | 9/26/2003 |
| CASE TITLE | | IP Innovation vs. Lexmark Intl, Inc. (02 C 7611) IP Innovation vs. Dell Computer (03 C 3245) | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 10/9/2003 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant Lexmark International, Inc.'s motion (Doc 66-1 in 02 C 7611) to transfer this action to the Eastern District of Kentucky is denied. Ruling set for October 9, 2003 is stricken. All pending parties in both cases, however, are ordered to appear for status on October 9, 2003 at 9:30 a.m. So ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 29 2003 | 39 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | SEP 29 2003 | |
| | | date mailed notice | |
| SCT | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IP INNOVATION L.L.C. and TECHNOLOGY )
LICENSING CORPORATION, )
)
Plaintiffs, )
)
vs. )
)
LEXMARK INTERNATIONAL, INC., )
)
Defendant. )

03 C 245

MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant Lexmark International, Inc. ("Lexmark") to transfer this matter to the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion is denied.

Plaintiffs IP Innovation LLC and Technology Licensing Corp. (collectively referred to herein as "IP Innovation") own two patents related to computer printers. In March 2003, IP Innovation filed the instant suit, accusing Minolta, Brother Industries, Canon, Seiko Epson, Hewlett-Packard, and Lexmark of infringing their patents. To date, all defendants except Canon and Lexmark have settled. Lexmark,

a Delaware corporation with its principal place of business in Lexington, Kentucky, moves pursuant to 28 U.S.C. § 1404(a) to transfer this suit to the Eastern District of Kentucky.

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer an action pursuant to this section is within the sound discretion of the trial court. See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). The moving party bears the burden of "establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." Id. at 219-20.

In analyzing a motion to transfer, we must begin by examining the threshold issue of the propriety of venue within our district as well as whether the action could have originally been brought in the transferee court. 28 U.S.C. § 1404(a). For a patent infringement case such as this, venue is proper either where the defendant resides or in a place where the defendant has a regular and established place of business and acts of infringement occurred. 28 U.S.C. § 1400(b). Both parties agree (as does the court) that venue is appropriate in the Northern District of Illinois, but they dispute whether this case could have originally been brought in the Eastern District of Kentucky. In

making their arguments, both ignore a fundamental proposition of law in this area that eliminates Lexmark's chances of prevailing on this motion.

Each party operates under the assumption that in considering whether to transfer this case, we look to whether venue would lie in Kentucky as the case currently stands, i.e., without the presence of the defendants who have settled. However, the applicable case law (cited by neither side) establishes that 28 U.S.C. § 1404(a) looks to the state of the case when the complaint was originally filed, not the time at which the motion to transfer is filed. See Hoffman v. Blaski, 363 U.S. 335, 343-44, 80 S. Ct. 1084 (1960); Centaur Ins. Co. v. Mission Ins. Group, 620 F. Supp. 1492, 1494 (N.D. Ill. 1985); Siemens Aktiengesellschaft v. Sonotone Corp., 370 F. Supp. 970, 972 (N.D. Ill. 1973); see also Gummow v. Superior Ratchet and Tool Co., Inc., 1997 WL 374406, at *5-*6 (N.D. Ill. June 20, 1997). In addition to the foreign corporations that Lexmark correctly points out are subject to venue in any judicial district in the United States, the second amended complaint names a New York corporation with its principal place of business in New Jersey and a Delaware corporation with its principal place of business in Idaho. Clearly, neither of these defendants resides in the Eastern District of Kentucky, and Lexmark has offered no evidence that either committed acts of infringement or has a regular and established place of business in Kentucky. Because the burden clearly lies with Lexmark, the moving party, to establish that venue is

proper in the transferee court, this lack of supporting information is fatal to the motion to transfer.

Even if venue had been proper in both courts, Lexmark has not shown that the Eastern District of Kentucky is clearly a more convenient forum for this proceeding. To do so, they must demonstrate that, on balance, the convenience of the parties and the interests of justice are better served by transferring the case. Heller Fin. Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989).

**A. Convenience of the Parties**

The convenience of the parties comprises four separate considerations: the plaintiff's chosen forum, the location(s) of the material events, the relative ease of access to sources of proof, and the relative convenience for parties and their witnesses. Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp.2d 958, 960 (N.D. Ill. 2000). Here, the plaintiffs' chosen forum is Illinois. Lexmark contends that IP Innovation's representation that Illinois is its principal place of business is not to be believed, directing the court's attention to several photos and various state records and business directories to support their position. Although Lexmark's argument does not appear to be unfounded, IP Innovation has supplied information that would indicate that they do have an actual presence within Illinois. In part because we are loath to conclude, with the attendant ramifications, that IP Innovation not only manufactured venue but

also included false statements within their submissions to this court, we will not adopt Lexmark's conclusion on such a sparse record. Instead, we accept IP Innovation's representation that they maintain an active office in Illinois. However, when the wrongful conduct complained of takes place almost entirely outside of the chosen forum, the plaintiff's choice of forum loses much of its ordinary importance. See, e.g., Chicago, R.I. & P.R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955). Here, few of the allegedly infringing activities occurred in Illinois. Accordingly, the decision to file within this district weighs only weakly in IP Innovation's favor.

Lexmark fares better on the next factor, the location of the material events. In patent infringement cases, the events central to the case usually occur where the defendant conducts its allegedly infringing activities. S.C. Johnson & Son, Inc. v. Gillette Co., 571 F. Supp. 1185, 1187-88 (N.D. Ill. 1983). Based on the information before us, the two remaining defendants conducted these activities primarily in Kentucky and Japan, and not at all in Illinois. Therefore, this consideration favors transfer to Kentucky.

The third factor looks to the relative ease of access to sources of proof. Lexmark insists that their ease of access to proof is severely compromised by having to litigate their case in Chicago; IP Innovation makes the same claim with respect to Lexington's counterclaims. It is axiomatic that a motion to transfer cannot be used simply to shift

the one party's inconvenience onto another party. Moore v. AT & T Latin America Corp., 177 F. Supp.2d 785, 789 (N.D. Ill. 2001). Because the inconveniences of each party are equivalent, this factor buttresses neither party's position.

The final factor of the first consideration looks at the relative convenience for parties and their witnesses. Each party is located in one of the potential fora, so the relative convenience is the same as to the parties. With regard to the witnesses, Lexmark has only identified their employees as potential witnesses. It is assumed that employees of a party will appear voluntarily, so this court's subpoena power is not implicated by any of the witnesses Lexmark has named. Anchor Wall Systems, Inc. v. R & D Concrete Products, Inc., 55 F. Supp.2d 871, 874 (N.D. Ill. 1999). Lexmark obliquely speculates that there will be other third-party witnesses but does not identify them. Similarly, IP Innovation has not identified any third-party witnesses whom they anticipate calling who would be impacted by the locale of this action. This factor, like the third, does not tip the scales in either direction. See Heller Fin., 883 F.2d at 1293-94. On balance, and keeping in mind that it is Lexmark who must make a strong showing that transfer is warranted, consideration of the convenience of the parties favors keeping the case here.

## B. Interests of Justice

In the context of a motion to transfer, the phrase "interest of justice" encompasses the speed within which the case will likely be resolved, familiarity of the respective courts with the law that applies to the dispute, the communities' relation to the challenged occurrences, and the desirability of resolving disputes where they arise. Amoco Oil, 90 F. Supp.2d at 961-62. None of these factors weigh heavily in favor of either party. The median resolution times of cases brought in the two districts are only a month apart. Patent law underlies the dispute, an area in which each court is equally versed. The last two factors are slightly better for Lexmark than for IP Innovation, given that more attention is given to the activities of defendants in patent actions. As with the convenience of the parties, however, Lexmark has not made the strong showing required to prevail on this motion.

## CONCLUSION

Based on the foregoing analysis, Lexmark's motion to transfer this action to the Eastern District of Kentucky is denied.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: SEP 26 2003