# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3245 | **DATE** | 4/8/2004 |
| **CASE TITLE** | IP Innovation vs. Dell Computer Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The stay initiated on August 5, 2003, in this case is lifted. This case and its companion, IP Innovation v. Lexmark, Case No. 02 C 7611, are consolidated for discovery purposes only. IP Innovations's motion (Doc 39-1) for leave to amend the complaint against Dell is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 0 9 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 44 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | APR 0 9 2004 date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IP INNOVATION L.L.C. AND TECHNOLOGY )
LICENSING CORPORATION, )
)
Plaintiff, )
)
vs. ) 03 C 3245
)
DELL COMPUTER CORPORATION, )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Plaintiffs IP Innovation LLC and Technology Licensing Corporation (collectively referred to herein as "IP Innovation") to amend their complaint against Defendant Dell Computer Corporation ("Dell"). For the reasons set forth below, the motion is granted.

## BACKGROUND

IP Innovation holds two patents relevant to this case: U.S. Patent No. 5,424,780 ("the '780 patent") and U.S. Patent No. 6,529,637 ("the '637 patent"). The patents involve computer imaging technology that can be used in printing and faxing, among other applications. In October 2002, IP Innovation filed a complaint alleging

infringement of the '780 patent by Minolta Corporation ("the manufacturer suit"). This complaint initiated the companion suit to the instant case ("the Dell suit"), which was originally filed in December 2002 in the Eastern District of Texas. As time went on, several other defendants were added to the companion suit, and the complaint was amended in March 2003 to add a claim for infringement of the '637 patent.

In April 2003, Judge Ward of the Eastern District of Texas transferred this suit to our court at Dell's request. Originally, it was assigned to Judge Guzman but was reassigned to our calendar because of its relation to the manufacturer suit. At a hearing in August, the parties to the manufacturer suit reported on their progress in achieving settlement agreements. The subject of consolidation of the Dell suit and the manufacturer suit arose, prompting counsel for Dell to resurrect the motion to stay that had been before Judge Guzman before reassignment. At that time, we granted Dell's oral motion until the cast of characters in the manufacturer suit could be finalized. See August 5, 2003 Tr. at 10. Since then, all but one of the defendants in the manufacturer suit have reached settlements with IP Innovation. The remaining defendant, Lexmark, filed a motion to transfer the manufacturer suit to Kentucky as well as a motion for summary judgment of the infringement claims against it. Both motions were denied. Because no further impediments remained to commencement of discovery, we set June 9 as a cut-off date for fact discovery.

Shortly after the minute order setting the discovery cut-off date issued, IP Innovation propounded interrogatories to Dell and filed a motion for leave to amend their complaint to add claims pertaining to the '637 patent. Dell opposes the proposed amendment, claiming that the stay remains in effect and thus precludes any action with regard to the Dell suit, including amendment of the complaint.

## LEGAL STANDARDS

The power and ability of a district court to stay a proceeding stem from the court's inherent power to control disposition of cases before it in an efficient and orderly manner. See Landis v. North American Corp., 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936). Deciding how best to accomplish this goal requires an exercise of judgment that must take into account and balance competing interests. Id.; see also Ingersoll Mill. Mach. Co. v. Granger, 833 F.2d 680, 686 (7th Cir. 1987).

Pursuant to Fed. R. Civ. Proc. 15(a), a plaintiff may amend a complaint once as a matter of course at any time before a responsive pleading is served. Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). The decision whether to grant or deny a motion for leave to amend is committed to the sound discretion of the district court. Perrian v. O'Grady, 958 F.2d 192 (7th Cir. 1992). With these principles in mind, we turn to the matters at hand.

## DISCUSSION

Although the motion before us is one for leave to amend, Dell focuses nearly all of its attention on the issue of the stay of proceedings. They assert that the stay should continue primarily because of the tendency in patent cases to stay infringement actions against customers pending the outcome of suits against manufacturers of the products sold to those customers. They cite many cases from this jurisdiction and others where this procedure has been used and urge us to follow suit. However, nearly every case upon which they rely involved suits that were pending in different fora. Katz v. Lear-Siegler, Inc., 909 F.2d 1459 (Fed. Cir. 1990) (Massachusetts and New York); Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735 (1st Cir. 1977) (Massachusetts and Kansas); William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177 (2nd Cir. 1969) (Georgia and New York); Whelen Tech., Inc. v. Mill Specialties, Inc., 741 F. Supp. 715 (N.D. Ill. 1990) (Illinois and Arizona); Andco Environmental Processes, Inc. v. Niagara Environmental Assocs., Inc., 211 U.S.P.Q. 544 (W.D.N.Y. 1981) (New York and Florida); Allway Tools, Inc. v. Am. Safety Razor Co., 206 U.S.P.Q. 475 (S.D. Tex. 1979) (Texas and Virginia); Wehr Corp. v. Commercial Construction Corp., 464 F. Supp. 676 (S.D. Fla. 1979) (Florida and Washington); Kistler Instrumente v. PCB Piezotronics, Inc., 419 F. Supp. 120 (W.D.N.Y. 1976) (New York and U.S. Court of Claims); Siemens Aktiengesellschaft v. Sonotone Corp., 370 F. Supp. 970 (N.D. Ill.

1973) (Illinois and New York); Coyne & Delany Co. v. G.W. Onthank Co., 90 F. Supp. 505 (S.D. Iowa 1955) (New York and Iowa); Wireless Spectrum Technologies, Inc. v. Motorola Corp., 2001 WL 32852 (N.D. Ill. Jan. 12, 2001) (Illinois and Patent and Trademark Office); Indianapolis Motor Speedway Corp. v. Polaris Indus., Inc., 2000 WL 777874 (S.D. Ind. June 15, 2000) (Minnesota and Indiana); T.J. Smith v. Ferris Corp., 1987 WL 7496 (N.D. Ill. March 2, 1987) (New York and Illinois). Although the fact that two judges are considering suits that are markedly similar is not dispositive in deciding whether a stay is warranted, clearly it provides a significant basis for circumspection.

By contrast, the manufacturer suit and the Dell suit are both before us, through the efforts of Dell to transfer from the Eastern District of Texas. Thus, there is no danger of inconsistent results or duplicative expenditure of scarce judicial resources arising from simultaneous consideration by different judges. See Watson Industries, Inc. v. Canon, Inc., 2003 WL 23218401, at *1 (W.D. Wis. Nov. 24, 2003) (denying motion to stay in patent infringement case against customer because, *inter alia*, manufacturer case was before identical judge). Neither does it promote judicial economy to await for ultimate resolution of the manufacturer case when there is no agreement from IP Innovation or Dell to be bound by the outcome of the issues in the manufacturer suit, enabling later disputes over subjects such as collateral estoppel,

patent validity, and the party responsible for the manufacture of the products at issue. See id. To put off determination of these questions with respect to Dell runs the risk of the very duplication that Dell says a stay will avoid. At this time, the most sensible course of action is to put the parties on a common track.

In addition, as the August 5, 2003, transcript makes clear, the stay was granted for a limited time and with a limited purpose. It was not intended to extend until the manufacturer suit was completely resolved. The purpose of the stay, to allow time to determine whether and against whom the manufacturer case would proceed, has been accomplished. Thus, there is no reason for it to continue, and we formally acknowledge what was implied in the February 9 minute order: the stay entered on August 5, 2003 is lifted.

We thus turn to the issue of the amendment of the complaint. As stated above, leave to amend is freely given when justice requires. Aside from the stay, Dell has not offered any objection of substance to the proposed amendment. Our review of its contents reveals that the addition of the claims pertaining to the '637 patent will makes the complaint in the Dell suit track the one in the manufacturer suit. Thus, allowing the amendment streamlines the contemporaneous consideration of the two suits and will improve our ability to resolve them in tandem. Neither can we detect any of the usual reasons to disallow an amendment, such as "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman, 371 U.S. at 182, 83 S. Ct. at 230. Accordingly, the motion for leave to file the amended complaint is granted.

## CONCLUSION

Based on the foregoing analysis, the stay initiated on August 5, 2003, in this case is lifted. This case and its companion, IP Innovation v. Lexmark, Case No. 02 C 7611, are consolidated for discovery purposes only. IP Innovation's motion for leave to amend the complaint against Dell is granted.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR - 8 2004